UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **DARRYL PINKINS,** | ) |
| | ) |
|       **Petitioner** | ) |
| | ) |
|       v. | )    No. 3:05cv0134 AS |
| | ) |
| **CECIL DAVIS,** | ) |
| | ) |
|       **Respondent** | ) |

*MEMORANDUM OPINION AND ORDER*

On or about March 4, 2005, *pro se* petitioner, Darryl Pinkins, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP) filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on June 20, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The state court record has been filed and examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293 (1963). The petitioner filed a Traverse with attachments on July 7, 2005, which this Court has carefully examined.

The petitioner is serving a 65-year sentence imposed in 1991 in Lake County, Indiana on the basis of convictions for criminal deviate conduct, rape and robbery. Of very considerable moment here is the decision of the Court of Appeals of Indiana reported as *Pinkins v. State*, 799 N.E. 2d 1079 which is worthy of very close attention here. The decision of that court must be presumed correct under 28 U.S.C. §2254(e)(1), and the petitioner has the burden of rebutting that presumption by clear and convincing evidence as reflected in the

aforesaid statute. The jury returned its verdicts of guilty on May 3, 1991 and the state trial judge sentenced this petitioner on June 14, 1991. It is correct that before the decision of the Court of Appeals of Indiana in 2003, this petitioner filed for post-conviction relief in the state trial court on December 16, 1992 and that petition was denied on November 19, 2002. Apparently that appeal was consolidated in the state appeals court with the direct appeal and resulted in the aforesaid opinion of the Court of Appeals of Indiana entered December 8, 2003. The Supreme Court of Indiana denied transfer on March 5, 2004, and this petition was filed on March 4, 2005 giving this petitioner any benefit under *Houston v. Lack,* 487 U.S. 266 (1988). *See also Early v. Packer*, 123 S.Ct. 362 (November 4, 2002), *Woodford v. Visciotti*, 123 S. Ct. 357, 360-61 (November 4, 2002), and *Williams v. Taylor*, 529 U.S. 362 (2000).

In this petition, the petitioner raised three grounds for relief: 1) the state used false or misleading evidence; 2) ineffective assistance of trial counsel; 3) ineffective assistance of appellate counsel. The first claim is procedurally defaulted. This court is familiar with the demands of *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). With regard to the necessity of presenting issues in the first instance to the judiciary of Indiana, it is not conceived here that this petitioner gains any benefit from *Sawyer v. Whitley*, 505 U.S. 333 (1992). In the first instance, the jury was the constitutional instrument to evaluate the believability and credibility of all witnesses including Kim Epperson. It is worthy of note that DNA results were stipulated to by the prosecutor and Kim Epperson was vigorously cross-examined by

2

defense counsel. Because the petitioner has not shown actual innocence, there can be no fundamental miscarriage of justice.

The petitioner's second claim is without merit. Following *Strickland v. Washington*, 466 U.S. 668 (1984), the Court of Appeals of Indiana failed to put the ineffectiveness label on defense trial counsel in this case. *See especially* the comments at *Pinkins*, 799 N.E. 2d at page 1094. The same with regard to the so-called strip bar evidence at page 1095. The claim with regard to ineffective assistance of appellate counsel is subject to a challenge on grounds of procedural default and does not appear to be meritorious in any event.

It needs to be remembered that this court does not sit as a common law court of review with reference to state court criminal proceedings. While the filing made by Mr. Pinkins on July 7, 2005 is in good form, it smacks as much of a common law argument. The burden is to establish a violation of the Constitution, statutes and treaties of the United States and the argument presented simply attempts to reargue the matter that was presented to the jury under the Sixth Amendment of the Constitution of the United States.

For all of the above reasons, the petition for relief under 28 U.S.C. §2254 is carefully considered here and **DENIED**. The motion to strike is **GRANTED**.

**IT IS SO ORDERED**.

**DATED: August 30, 2005**

                                                             S/ ALLEN SHARP
                                               **ALLEN SHARP, JUDGE**
                                               **UNITED STATES DISTRICT COURT**