UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARRYL PINKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-134 AS |
| ) | |
| CECIL DAVIS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

On November 10, 2005, Mr. Pinkins filed a Motion for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)). *See also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). Congress established this requirement in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot v. Estelle*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga. 1980)). *See also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir.), *cert. denied*, 382 U.S. 945 (1965).

Mr. Pinkins' petition was denied because the first claim was procedurally defaulted and there

was no fundamental miscarriage of justice in that there was no showing of actual innocence, and because like the state courts, this court found that neither Mr. Pinkins' trial counsel, nor his appellate counsel, was ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984).

None of the issues presented to the court make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a Certificate of Appealability pursuant to Rule 22(b), Federal Rules of Appellate Procedure, is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge." The motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: December 1, 2005**

                                            **S/ ALLEN SHARP**
                                        **Allen Sharp, Judge**
                                        **United States District Court**